ERIC GRANT
United States Attorney
ELLIOT C. WONG
CHARLES CAMPBELL
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

RYAN D. WHITE
Trial Attorney
National Security Division
Counterterrorism Section

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>AMMAAD AKHTAR,<br>Defendant. | CASE NO. 2:25-CR-153-DC<br>UNITED STATES' MEMORANDUM RE OPEN CHANGE OF PLEA<br>DATE: October 30, 2026<br>TIME: 9:30 a.m.<br>COURT: Hon. Dena M. Coggins |

Defendant Ammaad Akhtar is charged in an indictment with one count of attempting to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1). (ECF 11.) On October 21, 2026, defense counsel informed the United States that the defendant wished to enter an open plea to the charge in the indictment, without the benefit of a plea agreement. The United States respectfully submits this memorandum in advance of the hearing for the convenience of the Court.

## I. ELEMENTS OF THE OFFENSE

At a trial, the United States would have to prove beyond a reasonable doubt the following

elements of the offense to which the defendant is pleading guilty.

(1) The defendant attempted to knowingly provide material support or resources to a foreign terrorist organization;

(2) The defendant did so knowing that the organization was a designated foreign terrorist organization, that it had engaged in terrorist activity, or that it engaged in terrorism, and;

(3) The defendant did something that was a substantial step towards committing the crime that strongly corroborated the defendant's intent to commit the crime.

*See* 11th Cir. Pattern Jury Inst. § 91.2.; 5th Cir. Model Jury Inst. § 2.92B;[1] *see also* 9th Cir. Model Jury Inst. § 4.4 (Dec. 2023).

## II. MAXIMUM SENTENCE

### A. Maximum Penalty

The maximum sentence that the Court can impose is 20 years' imprisonment, a fine of up to $250,000, a lifetime term of supervised release, and a mandatory special assessment of $100.

### B. Violations of Supervised Release

If the defendant violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to three additional years of imprisonment. *See* 18 U.S.C. § 3583(e).

## III. FACTUAL BASIS FOR GUILTY PLEA

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

Between in or around February of 2025 and continuing through June of 2025, the defendant, AMMAAD AKHTAR, a national of the United States, in the State and Eastern District of California, and elsewhere, knowingly attempted to provide material support as that term is defined in 18 U.S.C. § 2339A(b)(1), namely, currency and monetary instruments, two firearms, and other property to a foreign terrorist organization, to wit: the Islamic State of Iraq and al-Sham (ISIS).

[1] The Ninth Circuit does not have model jury instructions for 18 U.S.C. § 2339B.

At all relevant times, ISIS has been designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act. AKHTAR at all relevant times knew that ISIS was a designated terrorist organization.

All in violation of 18 U.S.C. § 2339B(a)(1).

## IV. CONCLUSION

The United States respectfully submits this memorandum for the Court's convenience during the anticipated open change-of-plea hearing.

Dated: October 27, 2026

ERIC GRANT
United States Attorney

By: /s/ ELLIOT C. WONG
ELLIOT C. WONG
Assistant United States Attorney